IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **FRIST KID SASHA & MALIA, KING CEDRIC OMAR SNEAD,** )<br>)<br>) | | |
|         Plaintiff, ) | Case No. 7:23CV00577 | |
| )<br>v. )<br>) | **OPINION** | |
| **U.S.A.,** )<br>) | J<small>UDGE</small> J<small>AMES</small> P. J<small>ONES</small> | |
|         Defendant. )<br>) | | |

*King Cedric Omar Snead, Pro Se Plaintiff.*

Plaintiff, proceeding pro se, identifies himself as King Cedric Omar Snead. He has filed a civil rights action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983. Snead did not prepay the filing costs for this lawsuit, so I construe his submissions as seeking permission to proceed in forma pauperis. Liberally construing the Complaint, Snead apparently sues the United States on behalf of himself and others, seeking money damages. The claims section of the Complaint is incomprehensible. After review of the Complaint, I conclude that the lawsuit must be summarily dismissed as frivolous.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. *Cooper v. Sheehan*, 735 F.3d 153, 158 (4th Cir. 2013).

> A district court must dismiss a case filed in forma pauperis at any time if the court determines that the action is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); *Michau v. Charles Cnty.*, 434 F.3d 725, 728 (4th Cir. 2006). This statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).
>
> A pro se complaint must be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, even under this less stringent standard, the pro se complaint is subject to sua sponte dismissal when it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

*Locklear v. Smith*, No. 1:22CV00044, 2023 WL 1423756, at *1 (W.D. Va. Jan. 31, 2023).

My statutory authority to summarily dismiss frivolous complaints includes "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless" or which describe "fantastic or delusional scenarios." *Neitzke*, 490 U.S. at 327-28. Snead's lawsuit falls squarely into this class of cases. Accordingly, I will summarily dismiss the action under § 1915(e)(2)(B) as frivolous.

A separate Final Order will be entered herewith.

DATED: October 10, 2023

/s/ JAMES P. JONES
Senior United States District Judge